DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1853.

---

## NICOLAS QUINTANA *v.* R. H. TOMKINS.

CONTESTED ELECTION OF JUSTICE OF THE PEACE, APPEAL IN.—An appeal
lies from a judgment of a probate judge, to the district court, in a case
of a contested election for justice of the peace.

JUDGMENT RENDERED IN VACATION IN SUCH CASE.—A judgment of a pro-
bate judge, deciding a contested election for justice of the peace, may be
rendered in vacation.

APPEAL FROM PROBATE COURT TRIED DE NOVO.—In all cases of appeals
from the probate to the district court, including contested election cases,
the cause is to be tried *de novo* upon a full hearing of the evidence.

RIGHT OF ELECTION AS TO CITIZENSHIP UNDER TREATY.—The right of elec-
tion secured to Mexican citizens of this territory by the treaty with
Mexico, to retain their citizenship or to become American citizens, was
not required to be exercised in any particular mode, but could be exer-
cised and proved in any manner appropriate to the nature of the case.

DECLARATION OF INTENTION TO RETAIN CITIZENSHIP.—A declaration of in-
tention by a Mexican citizen to retain such citizenship, by signing his
name in a list authorized to be kept by the clerks of the prefects' courts,
by a proclamation of the military governor of the territory, is a sufficient
and binding exercise of the right of election provided by the treaty, and
is not affected by a subsequently declared intention to withdraw such sig-
nature, which is not shown to have been acted on.

APPEAL from Santa Fe county. The case is stated in the
opinion.

*M. Ashurst,* for the appellee.

By Court, BAKER, C. J.:

At an election for justices of the peace, held in and for Santa Fe county, on the first Monday of September, 1852, the appellant received a plurality of votes and was returned by the probate judge as having been duly elected as justice of the peace. The appellee, having also received a number of votes for the same office, contested the election of the appellant, and the probate judge, upon the hearing of the case, gave judgment in favor of the appellant; thereupon the appellee appealed to the district court, and at the September term a motion was made by the appellant, Quintana, to dismiss the appeal, which motion was overruled, and, upon a hearing of the cause, that court reversed the judgment of the probate judge, and adjudged that the appellant was not a citizen of the United States, and was therefore disqualified to hold the office of justice of the peace. To reverse this judgment of the district court the appellant has brought the case to this court, by appeal.

Three grounds are urged for a reversal: 1. Overruling the motion to dismiss the appeal; 2. Overruling the objections of appellant to the admission of the testimony on the part of the appellee upon the hearing of the cause; and, 3. The rendering of the judgment for the appellee.

The following are the various sections of the law prescribing the appellate jurisdiction of the courts, regulating appeals, and prescribing the mode of determining cases of contested elections: Every person aggrieved by any judgment or decision of any circuit court in any civil case may make his appeal to the superior court: R. C., act 49, sec. 9. The superior court shall have appellate jurisdiction in all cases, both civil and criminal, which may be determined in the circuit court: Id., sec. 8.

The circuit courts in the several counties shall have * * * appellate jurisdiction from the judgments and orders of the prefects and alcaldes in all cases not prohibited by law, and shall possess a superintending control over them: Id., sec. 18.

Appeals from the judgments of the prefects shall be allowed to the circuit court in the same manner and subject to the same restrictions as in case of appeals from the circuit court to the superior court: Id., sec. 22.

The fiftieth section of the election law acts, 203, provides that the election of justices of the peace may be contested before the probate judge, and that the contest shall be heard and determined in a summary manner. The fifty-first section provides that if a contested election be pending, the person holding the certificate of election shall take possession and discharge the duties of the office until the contest is decided.

The opinion of the probate judge in the transcript of the record from his court is substantially a judgment, and determines the matter in contest, the citizenship of the appellant, and his due election as justice of the peace.

There is nothing in the objection that it was not rendered at a regular term of the probate court, for the statute requires the matter to be heard and determined in a summary manner, and the decision could as regularly be made in vacation as in term time. By the eighteenth section, above quoted, the district court has "appellate jurisdiction from the judgments and orders of the prefects and alcaldes in all cases not prohibited by law." This is not a case prohibited by law, and this is such a judgment as an appeal may well be taken from under the twenty-second section. The affidavit and appeal bond seem to be in accordance with the requirements of the law regulating appeals from the district to the supreme court. The appeal, therefore, ought not to have been dismissed. Appeals in cases of this character from the probate courts to the district courts are, like all other appeals so taken, to be tried, not upon an inspection of the record, but *de novo* upon their merits, upon a full hearing of the evidence and the parties.

The next objection is to the admission of the evidence in the cause. The question was whether the appellant at that time was an American citizen. By the article of the treaty between the United States and the Mexican republic, it is provided that Mexican citizens who shall prefer to re-

main in said territories may either retain the titles and rights of Mexican citizens or acquire those of citizens of the United States, but they shall be under obligation to make their election within one year from the date of the exchange of ratifications of this treaty, and those who shall remain in said territories after the expiration of that year, without having declared their intention to retain the character of Mexican citizens, shall be considered to have elected to become citizens of the United States.

The appellee sought to prove at the hearing that the appellant had made his election to retain the character of a Mexican citizen. No mode of making this election was prescribed in the treaty, or by the American government, or under its authority. But this omission did not deprive the Mexican citizen of either the right or the power to make it. Various modes of making the election might have been adopted, any one of which would have been effectual, provided that it sufficiently evidenced the determination of the mind to retain or acquire respectively either character of citizenship. As no mode had been prescribed, and no particular species of evidence required, it was an act that might have been performed in any sufficient manner, and proved, like any other disputed fact, by the best evidence of which the nature of the case admitted.

The appellee produced in evidence a book purporting to contain a list of persons choosing to retain the character of Mexican citizens, according to the provisions of the treaty between the United States and Mexico. This book contained a caption or statement at the commencement of the list, stating in effect that it was a register of the names of persons mentioned as desiring to retain the character of Mexican citizens. Also a proclamation of J. M. Washington, at that time civil and military governor of the territory, dated the ninth of April, 1849, authorizing the enrollment of the names by the clerks of the prefects' courts of the several counties of the territory. The correctness of this list was certified at the foot thereof by J. Giddings (by deputy) as such clerk. Said Giddings also proved that he was

present and saw appellant sign his name to said list in the year 1849, and before the expiration of the time fixed by the treaty for making such declaration. It was further proved that the appellant had afterwards stated in conversation that he was a Mexican citizen. There was also proof that the appellant, on the day he signed said list, stated publicly his determination to withdraw his signature from said list, and that he went away with the clerk of the prefect's court, with the intention of doing so. There was also proof that the appellant had held the office of constable under the present government of the territory. We think this evidence sufficient to justify the district court in the judgment which it gave.

Here the act of signing his name by the appellant, under the caption declaring it the purpose of the signers to retain the character of Mexican citizens, and in pursuance of a proclamation of a public officer in authority, calling attention to the matter of making such election, is evidence unequivocal of his determination of his election to retain the character of a Mexican citizen.

It is true he seems a short time afterwards to have repented the act, and declared his determination to withdraw his signature from the list, and that he went away with the clerk who had charge of the book with that object in view; but there is no evidence of his having done so; for aught that appears to the contrary, he may have abandoned that determination, and in the absence of evidence, his name still remaining on the list, it is to be presumed that he did.

We do not perceive any error in the record of the proceedings, and are of opinion that the judgment of the district court ought to be affirmed.