322 So.2d 589 (1975)
Mark SINDRICH and Christopher Ken Takagi, Appellants,
v.
STATE of Florida, Appellee.
Nos. V-423 & V-424.
District Court of Appeal of Florida, First District.
December 3, 1975.
*590 Michael H. Bloom, Bloom & Jacobi, Coconut Grove, for appellants.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
STURGIS, WALLACE E., Jr., Associate Judge.
Appellants Mark Sindrich and Christopher Ken Takagi, were tried and convicted by jury of possession of more than five grams of cannabis. They appeal from the trial Court's denial of motion for new trial.
Appellants, both college students, were hired to drive a rented truck from Miami, Florida, to Columbus, Ohio. Out of their presence the cargo area was loaded and padlocked and the key was retained by their employer. Both denied any knowledge of the contents of the locked cargo area.
While driving through Hamilton County, Florida, Takagi failed to stop for an agriculture inspection station. Sindrich was a passenger in the truck at the time. The truck was later stopped by an inspector for the Florida Department of Agriculture who requested examination of the locked cargo area for agricultural products. Appellants advised the officer that they did not have the key and refused permission to break the padlock. Later Appellant Takagi called a Mr. Sam Good, their alleged employer, who spoke with the inspection officer on the phone, refused permission to break the lock on the truck and advised that he would fly to Hamilton County to permit the inspection. A search warrant was obtained by the Sheriff of Hamilton County, the cargo area of the truck was forced open and the cannabis was found. Both Appellants were charged with obstructing justice by interfering with an agricultural inspector in the performance of his duties. Upon trial of this charge they were acquitted. They were also charged with possession of a controlled substance, convicted and sentenced to three years in state prison.
Appellants on appeal raised three issues for consideration by this Court: (1) that the evidence failed to show they were either in actual or constructive possession of the cannabis; (2) that their trial and acquittal of obstructing justice determined as a matter of law they did not have control of the contents of the cargo area; and (3) evidence of the contents of the truck should have been excluded upon trial because there was no probable cause for the issuance of the search warrant. We decide this case upon the first issue and express no opinion upon the latter two.
The State contends that the issue of possession was a fact for the jury to determine and their determination was conclusive. While we recognize that such is generally true, it is the duty of an appellate Court to determine, in every case, if there is sufficient competent evidence to support a conviction; and if there is, whether it meets the law's requirements *591 for conviction. Thornton v. State, 306 So.2d 205 (Fla.App. 1st 1975).
The Trial Court instructed the jury on the issue of possession as follows:
"The word `possession' means to have personal charge of or exercising the right of ownership, management or control over the thing possessed. The mere fact that a person is found to be in possession of a narcotic drug is not sufficient in and of itself to warrant your conviction of such person of the crime of possessing that drug, unless you believe beyond a reasonable doubt that the person so charged knew that he was in possession of such narcotic drug... ."
Neither the State nor the defense objected to these instructions or requested additional, and the sufficiency of the same is not a subject of this appeal. However, implicit in these laws of possession are the principles enumerated by Judge Wiggington in Frank v. State, 199 So.2d 117 (Fla.App. 1st 1967):
(1) The State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on the premises.
(2) If the premises are in the exclusive possession and control of the accused, knowledge of the presence of the narcotic drugs coupled with his ability to maintain control over them may be inferred, but the inference is rebuttable and not conclusive.
(3) If the premises are in the joint possession of the accused, knowledge of the presence of drugs, the drug's presence and ability to maintain control will not be inferred, but must be established by proof.
(4) Proof of knowledge of the presence of drugs may consist of evidence establishing actual knowledge, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drug's presence.
(5) Such inference must be reasonable from proven facts but not based upon inference.
These legal principles are required to be observed by jurors for the protection of innocent persons from the unlawful acts perpetrated by others. They are likewise applicable to this Court in review of the sufficiency of the evidence to substantiate a conviction.
In the case sub judice there was no evidence that the Appellants had exclusive control or access to the cargo area where the cannabis was found. The uncontradicted evidence before the jury was that the truck was loaded out of their presence, that they did not have a key to the locked cargo area, and that they did not know of the contents. Neither the fact that Appellants were driving at night nor that they failed to stop at the inspection station were such inferences from which alone the jury might lawfully infer knowledge by the Appellants of the contents. Mere presence of the Appellants where the drugs were found was not sufficient to sustain a conviction of possession. Harris v. State, 307 So.2d 218 (Fla.App. 3rd 1975); Arant v. State, 256 So.2d 515 (Fla.App. 1st 1972); Langdon v. State, 235 So.2d 321 (Fla.App. 3rd 1970).
The State argues that the circumstances involved in the Appellants' rental of the truck in Miami, their small compensation for driving it out of the state, and their failure to inquire into the contents from a stranger, were unreasonable and unbelievable, and that similar arrangements could permit the transportation of contraband without criminal liability. The predicates for such a conclusion were matters brought out by the Appellants during the defense after the State rested. While we concur in the lack of wisdom on the part of Appellants in their venture, such a failure to observe *592 contents of the cargo or require a larger fee may be poor judgment but not an inference of knowledge sufficient to sustain a verdict of guilt for possession of drugs.
It is not sufficient in a criminal case for the evidence to be an inference of guilt or a probability of guilt. Proof of the essential elements of the crime must be complete and firm leaving no reasonable doubt in the enlightened minds of the jurors of the guilt. That proof must only come from the evidence presented at the trial.
It is the province of the criminal court jury in weighing evidence, to determine its competency and sufficiency to sustain the charge. The rules governing the consideration of circumstantial evidence as distinguished from direct and positive evidence are not the same. We do not deem it necessary to reiterate the standard instructions given by the trial court on circumstantial evidence, other than to note the principle that where the circumstances are susceptible of two reasonable constructions, one indicating guilt and the other innocence, the jury must accept that construction indicating innocence.
From our careful review of the evidence we are convinced that the proofs considered by the jury fall within that category of a mere probability of guilt and failed to overcome Appellants' presumption of innocence.
The judgment appealed is reversed and the cause remanded for the Trial Court's discharge of the Appellants.
BOYER, C.J., concurs.
RAWLS, J., specially concurs.
RAWLS, Judge (specially concurring).
Florida Statute 570.15 (1973) was effective at the time appellants failed to stop at the inspection station. This statute did not delegate to the Department of Agriculture the unbridled authority to require trucks to stop and submit to a search.[1] Appellants' failure to stop at an agricultural inspection station did not constitute an unlawful act from which an intent of knowledge of possession of the contraband may be inferred. An opposite result might well obtain if the present enactment relating to agricultural inspection stations survives constitutional scrutiny.
NOTES
[1] Compare then in effect Florida Statute 570.15 (1973) with House Bill 1222, Chapter 75-215, Laws of Florida 1975.