BERANEK, Judge,
dissenting.
Under my interpretation of the record, the relevant events were not quite so instantaneous as the majority suggests. Moreover, when viewed in context, defendant’s version of the events is very plausible.
*1072 John Sczymanski testified that he heard loud banging at the front door of the house, but he stayed in the bedroom while Essie Cagle answered the knocking. Sczymanski heard the sound of glass breaking and loud voices coming from the front part of the house. He could not, however, relate what was said.
The defendant testified that the breaking glass resulted from his heavy banging when there was no initial response to his knocking. He stated that when Essie Cagle finally approached, she told him to go to a side door and she admitted him. Defendant did enter through the side door which was not broken or forced open. It was not until after he entered that he discovered the other man in the house. The State intended to call Essie Cagle as a witness but, at the time of trial, she did not appear. Thus, there was no direct evidence as to whether he entered with or without her consent. Under the circumstances, I believe both consensual and nonconsensual entry are reasonable conclusions and, therefore, the construction indicating innocence should be accepted. Sindrich v. State, 322 So.2d 589 (Fla. 1st DCA 1975).