1998-NMCA-082

964 P.2d 825

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Miguel HERNANDEZ, Defendant–
Appellant.**

**No. 18167.**

Court of Appeals of New Mexico.

April 21, 1998.

Certiorari Denied June 8, 1998.

Tom Udall, Attorney General, Anita Carlson, Ass't Attorney General, Santa Fe, for Plaintiff–Appellee.

Phyllis H. Subin, Chief Public Defender, Sara T. Harmon, Ass't Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

APODACA, Judge.

{1}   Defendant appeals his jury conviction of possession of marijuana with intent to distribute under NMSA 1978, Section 30–31–22(A)(1) (1990). He argues that insufficient evidence supported the jury's determination of his knowledge and control of the marijuana. We disagree and affirm Defendant's conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2}   Defendant testified on his own behalf at trial. He resided in Kansas, where he worked in construction. He was married and had six children. Defendant stated that he flew from Kansas to Juarez, Mexico, to purchase an affordable truck from his uncle. According to Defendant, after negotiating the truck purchase, he and his uncle drove to El Paso where they visited the uncle's friends. Defendant stated that he then proceeded driving home in the truck. He was stopped at a border checkpoint. Defendant attributed his initial nervousness there to his concern over his suspended license.

{3}   Defendant admitted that he had a suspended license to Officer Trevino, a border patrol agent. Officer Duncan, a state police officer, referred Defendant to the secondary inspection area to cite Defendant for this infraction. Officer Duncan noted several unusual characteristics of the truck. He smelled silicone and paint and noticed a large hump underneath the seat that raised the seat, causing Defendant to sit very high up. Defendant received a ticket and, when asked, stated that he was not transporting drugs.

{4}   Defendant permitted a search of the truck. Officer Trevino testified that he observed evidence of tampering in the truck's interior. The search revealed sixty-one pounds of marijuana hidden in a false com-

partment constructed underneath the bench seat of the truck.

{5} At trial, Defendant admitted several lies to the officers. These included misrepresentations that: (1) he was going to Roswell to work on a sheep ranch, (2) he recently moved to El Paso, and (3) he had borrowed (not purchased) the truck from his uncle. Defendant testified that he lied because he thought the officers had an arrest warrant for him due to his suspended license. We address additional facts in our discussion of sufficiency of the evidence.

## II. DISCUSSION

### A. Standard Of Review

{6} Defendant challenges the sufficiency of the evidence supporting his conviction. In reviewing evidentiary sufficiency, we ascertain whether a rational jury could have found that the evidence established each element of the crime beyond a reasonable doubt. *See State v. Wood,* 117 N.M. 682, 684, 875 P.2d 1113, 1115 (Ct.App.1994). As a reviewing court, however, we do not reweigh the evidence nor substitute our judgment for that of the fact finder. *See id.* We consider the evidence in a light most favorable to support the verdict, resolving conflicts and indulging inferences in the verdict's favor. *See id.* We also review both direct and circumstantial evidence. *See id.* Reasonable doubt exists when the evidence viewed in the light most favorable to the State also creates an equally reasonable inference of innocence. *See State v. Apodaca,* 118 N.M. 762, 766, 887 P.2d 756, 760 (1994).

### B. Sufficiency Of The Evidence

{7} Under the facts of this appeal, possession of marijuana with intent to distribute required that the State prove the following elements beyond a reasonable doubt: (1) Defendant had marijuana in his possession; (2) Defendant knew it was marijuana or believed it to be marijuana or some drug or other substance the possession of which is regulated or prohibited by law; (3) Defendant intended to transfer it to another; and (4) elements 1 through 3 happened in New Mexico on or about the date charged. *See* UJI

14–3111 NMRA 1998; *State v. Bankert,* 117 N.M. 614, 618, 875 P.2d 370, 374 (1994).

{8} Defendant contests the jury's finding of possession. Defendant was in possession of marijuana if he knew it was on his person or in his presence, and he exercised control over it. *See* UJI 14–3130 NMRA 1998. Even if the marijuana was not in his presence, he was in possession if he knew where it was and exercised control over it. *See id.* Two or more people can simultaneously have possession of a substance. *See id.* Defendant's presence in the vicinity of the marijuana or his knowledge of its location or existence would not, by itself, be possession. *See id.*

{9} For the reasons that follow, we hold that substantial evidence supported Defendant's conviction. The jury could have reasonably concluded from the circumstantial evidence that Defendant knew of the marijuana in the truck and exercised control over it. *See State v. Chandler,* 119 N.M. 727, 731, 895 P.2d 249, 253 (Ct.App.1995). Defendant's exclusive control of the truck would raise an inference of his knowledge and control of the marijuana. *See State v. Purlee,* 839 S.W.2d 584, 588 (Mo.1992); *cf. State v. Brietag,* 108 N.M. 368, 370, 772 P.2d 898, 900 (Ct.App.1989) (holding that where defendant does not exclusively possess premises on which drugs are found, incriminating circumstances or statements must support the inference of constructive possession). Joint control requires additional evidence connecting the accused with the illegal drugs. *See Purlee,* 839 S.W.2d at 588; *Brietag,* 108 N.M. at 370, 772 P.2d at 900.

{10} Defendant was the only person in the truck upon arrival at the checkpoint. Yet, he contends that he was not in exclusive possession because the drugs were hidden from him. We note case law cautioning courts about inferring knowledge from possession of a vehicle in which drugs are found in a hidden compartment. This case law provides that courts should infer knowledge in this situation only when there are additional circumstances indicating knowledge. *See Menchaca v. State,* 901 S.W.2d 640, 652 (Tex.Ct.App.1995); *Castellano v. State,* 810 S.W.2d 800, 806 (Tex.Ct.App.1991) (both cit-

ing *United States v. Olivier–Becerril,* 861 F.2d 424, 426 (5th Cir.1988), and *United States v. Del Aguila–Reyes,* 722 F.2d 155, 157 (5th Cir.1983)). In this case, we hold that the truck's physical condition, Defendant's lies and nervousness, and the improbability of Defendant's story provided evidence the jury could rely on to connect Defendant to the marijuana.

{11} From the evidence, we believe that reasonable jurors could have determined that Defendant was aware of the truck's alterations. The officers stated that the truck smelled of paint and silicone. Officer Duncan testified that, based on his experience, silicone was often used to seal false compartments and to conceal the odor of drugs in them. *See United States v. Ortiz–Ortiz,* 57 F.3d 892, 895 (10th Cir.1995) (considering the strong smell of perfume, commonly used to mask the odor of drugs, in evaluating sufficiency of the evidence).

{12} The officers also observed that the seat was high, with a hump underneath it. The jury viewed the height of the seat in a photograph admitted into evidence. One of the officers stated that Defendant sat high in the seat, with his head near the ceiling and his legs almost touching the steering wheel. A photograph portrayed to the jury the proximity of the seat to the steering wheel. The officer who moved the truck to conduct the search had difficulty steering it. Additionally, Officer Duncan observed loose carpeting and bolts in the truck.

{13} We believe this evidence supported the jury's discredit of Defendant's contrary testimony. In *Purlee,* 839 S.W.2d at 588, the defendant testified that he did not recognize unusual odors after spending twelve hours in a van containing marijuana. The arresting officer, however, stated that the odor of marijuana emanating from the van was very strong. *Id.* The court affirmed the jury's rejection of the defendant's testimony. *See id.* at 588–89. Similarly, the jury here reasonably could have found the officers and photographic evidence more credible than Defendant's testimony. *See State v. Roybal,* 115 N.M. 27, 29, 846 P.2d 333, 335 (Ct.App. 1992) (the trial court as fact finder resolves

conflict in testimony and determines weight and credibility of evidence).

{14} Defendant's lies, excessive nervousness, and failure to make eye contact also supported the jury's conviction. *See Ortiz–Ortiz,* 57 F.3d at 895 (defendants' conflicting stories supported jury's conviction for possession of marijuana); *State v. Colarte,* 688 So.2d 587, 594 (La.Ct.App. 1996) (considering defendants' nervousness and conflicting stories in determining sufficiency of the evidence supporting knowing possession of cocaine); *Menchaca,* 901 S.W.2d at 652 (holding that jury may have rationally inferred that defendant's knowledge of contraband caused his nervousness); *Castellano,* 810 S.W.2d at 806 (attributing defendants' conflicting stories as factor indicating knowledge of marijuana in secret compartment and stating that, in light of the value of the cargo, it was reasonable for the jury to infer that the defendant would not have been entrusted with such valuable cargo unless he was knowledgeable of the scheme to transport the cargo); *Jones v. State,* 225 Ga.App. 673, 484 S.E.2d 702, 704 (1997) (holding that defendant's failure to make eye contact indicative of his hiding of drugs in the trunk of car). The jury could have rationally inferred Defendant's knowledge and control of the contraband from this conduct. *See Roybal,* 115 N.M. at 30, 846 P.2d at 336.

{15} Additionally, the jury's rejection of Defendant's rendition of the facts was reasonable. Defendant stated that his money and credit were insufficient to purchase a truck. Yet he purchased an airline ticket to inspect a vehicle for sale in Mexico. Although Defendant testified that he needed a truck to carry his construction tools, he had worked in construction for three years. During trial, he mistakenly called his uncle "Ricardo Hernandez," rather than "Roberto Hernandez." Defendant did not know his uncle's vocation. Neither Defendant nor his family could contact the uncle regarding this case. Although Officer Duncan verified that the truck belonged to Roberto Hernandez, there was no evidence aside from Defendant's testimony that Roberto was Defen-

dant's uncle. These inconsistencies could rationally persuade the jury to reject Defendant's account and conclude that Defendant was engaged in a scheme to distribute marijuana. *See Ortiz–Ortiz,* 57 F.3d at 895 (holding that reasonable jury could discredit defendant's improbable explanation of procurement of vehicle and its contents to convict defendant of possession).

{16} Finally, we distinguish this case from *Sindrich v. State,* 322 So.2d 589 (Fla. Dist.Ct.App.1975) and *Brady v. State,* 771 S.W.2d 734 (Tex.Ct.App.1989), two cases relied on by Defendant. In *Sindrich,* 322 So.2d 589, the court held that evidence was insufficient to sustain a conviction of possession of marijuana found in the cargo area of a rented truck. An employer hired college students to drive the truck. The cargo area was loaded and padlocked outside of the students' presence. The employer retained the key. *Id.* at 590. *Sindrich* did not present evidence of apparent physical alterations of the vehicle, consciousness of guilt, and inconsistent testimony, as occurred in this case.

{17} In *Brady,* 771 S.W.2d 734, the court also held that sufficient evidence did not support the defendant's conviction for possession of marijuana found in her bedroom. There, the State charged a husband and wife with the crime. The husband testified that he tried to hide the marijuana from his wife and that she did not smoke it. Five other defense witnesses testified that the wife did not use marijuana. *Id.* at 735. Here, on the other hand, only Defendant's testimony supported the probability of his explanation for the presence of marijuana in his truck. We have previously evaluated the credibility of Defendant's testimony. Thus, even if we were to follow *Sindrich* and *Brady,* those cases would not apply in the circumstances of this case.

## III. CONCLUSION

{18} We disagree with Defendant's reliance on *State v. Mariano R.,* 1997–NMCA–018, ¶ 7, 123 N.M. 121, 934 P.2d 315, to argue that an affirmance of the conviction would be based solely on assumptions about the worst in human nature. We thus hold that the truck's physical alterations, Defendant's lies

and nervousness, and the gaps in Defendant's testimony supported the jury's verdict. We conclude that substantial evidence supported Defendant's knowledge and control of the narcotics. We therefore affirm Defendant's conviction of possession of marijuana with intent to distribute.

{19} **IT IS SO ORDERED.**

HARTZ, C.J., and PICKARD, J., concur.