# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **No. 28,853**

**STUART THOMPSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals his convictions for trafficking methamphetamine (possession with intent to distribute), possession of marijuana, possession of drug paraphernalia, and aggravated driving while intoxicated (DWI). [MIO, Exhibit A] His docketing statement raised a claim that the evidence was insufficient to support his three drug

convictions. [DS 3-4] Our notice for proposed summary disposition proposed to affirm. Defendant filed a motion to amend the docketing statement and memorandum in opposition. The motion to amend asks us to consider whether Defendant's aggravated DWI conviction is supported by sufficient evidence. We deny the motion because the issue is not viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We have considered the arguments in Defendant's memorandum in opposition, but are not persuaded by them. We affirm.

**DISCUSSION**

**A.	Sufficiency of Evidence**

We review the evidence to determine whether any rational jury could find each element of the offenses to be established beyond a reasonable doubt. *See State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992).

The elements of trafficking methamphetamine (possession with intent to distribute) are that Defendant had methamphetamine in his possession; that he knew it was methamphetamine; and that he intended to transfer it to another. *See* UJI 14-3104 NMRA. The elements of possession of marijuana are that Defendant had marijuana in his possession and that he knew it was marijuana. *See* UJI 14-3102

NMRA. The elements of possession of drug paraphernalia are that Defendant unlawfully used or possessed drug paraphernalia. [RP 72] A person is in possession of a substance when he knows it is on his person or in his presence, and he exercises control over it. *See* UJI 14-3130 NMRA.

Defendant argues that there is insufficient evidence to establish that he exercised control over the drugs and paraphernalia. [MIO 7-12] We disagree. Proof of possession may be established by the conduct of a defendant and by circumstantial evidence. *See State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983). The evidence establishes knowledge and control.

Defendant was alone in a car in which the drugs and paraphernalia were found. [RP 42; DS 2] Officers found a syringe under the driver's seat and a "torch" in the passenger seat. [DS 2] A baggie with an emblem of the devil was found in Defendant's pocket. [Id.] A purse, a fanny pack, and a black bag were all found in plain view in the car. [DS 2-3] The black bag contained empty baggies, some of which had the same devil emblem as the baggie found in Defendant's pocket. [DS 3; RP 43] The fanny pack contained 27.5 grams of methamphetamine, with a street value of $2750 [RP 44], 0.19 grams of marijuana, empty baggies, spoons, scales, and

a syringe. [DS 3] Glass pipes and a pipe for ingesting methamphetamine were also found in the car. [RP 42]

Further, there was evidence that Defendant was stopped at approximately 2:00 a.m., and between that time and 3:00 a.m., his cell phone indicated that he had missed fifteen calls. [RP 14-15, 42] There was evidence that drug dealers tend to get many phone calls and transact many drug deals at night. [RP 45] We hold that all of this evidence supports findings that Defendant knew about and exercised control over the drugs and paraphernalia and supports the verdict. *See State v. Morales*, 2002-NMCA-052, ¶ 32, 132 N.M. 146, 45 P.3d 406 (finding that the evidence was sufficient to support a finding of knowledge and control where the defendant was the driver of a car, was in control of the car, and the contraband was under the driver's side floor mat ); *State v. Hernandez*, 1998-NMCA-082, ¶¶ 9-16, 125 N.M. 661, 964 P.2d 825 (holding that the evidence was sufficient to support a finding that the defendant had knowledge that marijuana was hidden in the truck where the defendant was alone in the truck, there was evidence that the truck had been altered, and the defendant had lied). The evidence in this case appears to be stronger than that held sufficient in *Morales* and *Hernandez*.

Defendant argues that the evidence is insufficient because two other people had access to the car:  Herman Maestas, to whom the car was registered, and the female who owned the purse. [DS 3; MIO 3-4]  These facts go to the weight of the evidence, but the jury was not required to accept Defendant's defense.  *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

Defendant's memorandum notes that since the judgment and sentence was filed in the record proper, a corrected judgment and sentence has been filed.  [MIO 1]  He attached a copy of the correct judgment and sentence to his memorandum.  [Ct. App. file]  We appreciate the fact that counsel has informed us of this change.  The difference between the two judgments is that the original judgment and sentence contained a conviction for distribution of marijuana [RP 104], and the corrected judgment and sentence lists the proper conviction: possession of marijuana.  [Ct. App. file]  Our notice of proposed summary disposition addressed the sufficiency of the evidence to support the offense of distribution of marijuana.  Defendant asks us to issue a second notice and argues that we should address the sufficiency of the evidence to support the correct conviction, possession of marijuana.  [MIO 1]

We decline to do so.  In his docketing statement, Defendant claimed that the evidence did not establish Defendant's knowledge of and control over the marijuana.

[DS 3-4] Our notice addressed this specific claim. In his memorandum, Defendant argues that he had no knowledge of or control over the methamphetamine, marijuana, or drug paraphernalia. [MIO 7-12] We see no reason why the difference between the incorrect charge of distribution of marijuana and the correct charge of possession of marijuana requires us to issue a second notice. Although there are obviously differences in the essential elements of those two crimes, those differences do not impact our analysis of Defendant's marijuana conviction. Both crimes, possession with intent to distribute and possession, require proof of knowledge and control. Our notice and Defendant's memorandum have addressed knowledge and control. Therefore, because the essential issue has been analyzed and addressed, by us and by Defendant, we are not persuaded that a second notice is required.

**B.    Motion to Amend**

Relying on *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967), Defendant seeks to amend the docketing statement and asks to add an additional issue: Whether the evidence is insufficient to support his conviction for aggravated DWI. [MIO 4-7]

The elements of aggravated DWI are that Defendant operated a motor vehicle, that at the time he was under the influence of intoxicating liquor or drugs, and that he refused to submit to chemical testing. *See* UJI 14-4509 NMRA. [RP 76] "Under the

influence" means that the driver "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (alteration in original) (internal quotation marks and citation omitted).

We conclude that Defendant's motion is not viable and deny it. *See Moore*, 109 N.M. at 128-29, 782 P.2d at 100-01. From the record and the docketing statement, there is evidence that Defendant was pulled over for making a wide right hand turn and performed poorly on field sobriety tests. [DS 2; MIO 7] During the one-leg-stand test Defendant almost fell over. [RP 41] There was evidence that Defendant did not give a proper breath sample. [RP 42] From this evidence, a rational jury could find that Defendant was intoxicated. *See City of Roswell v. Ferguson*, 66 N.M. 152, 153-54, 343 P.2d 1040, 1041 (1959) (holding that DWI conviction was supported where, among other things, the defendant was weaving badly and was unsteady on his feet); *State v. Brennan*, 1998-NMCA-176, ¶ 15, 126 N.M. 389, 970 P.2d 161 (holding that, among other things, the defendant's failure on sobriety tests, including the one-leg-stand test, was sufficient to support a DWI conviction). A rational jury could also find that he refused a chemical test. *See Fugere v. N.M. Taxation & Revenue Dep't*, 120

N.M. 29, 34-36, 897 P.2d 216, 221-23 (Ct. App. 1995) (holding that where the defendant refused to take the breath test at the scene and instead claimed he would take a test at the police station, his conduct constituted a refusal); *State v. Suazo*, 117 N.M. 794, 796-97, 877 P.2d 1097, 1099-1100 (Ct. App. 1993) (holding that where the defendant did not blow hard enough to provide a sufficient sample, a finding that the defendant refused to take the test was supported).

Defendant argues that the fact that there were two unopened cans of beer in his car means that the evidence is insufficient. [MIO 7] While this fact may be weighed by the jury, it is not conclusive and does not require us to set aside the DWI conviction. *See Rojo*, 1999-NMSC-001, ¶ 19 (stating that the jury need not accept the defendant's version of events).

For the foregoing reasons, we affirm the district court's corrected judgment and sentence.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**