IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                             NO. 28,949

LANCE JORDAN,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
John A. Dean, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his conviction for possession of methamphetamine, arguing

that the evidence is insufficient to support a finding that he knew it was in his car and

exercised control over it. [RP 94-97; DS 3; MIO 1-5] Our notice proposed to affirm. Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), Defendant has responded with a memorandum in opposition. [Ct. App. file–top document] We are not persuaded by the arguments in his memorandum, and affirm.

**DISCUSSION**

We review the evidence to determine whether any rational jury could find each element of the offense to be established beyond a reasonable doubt. *See State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992).

The elements of possession of methamphetamine are that Defendant had methamphetamine in his possession, and that he knew it was methamphetamine. *See* UJI 14-3102 NMRA. [RP 66] A person is in possession of a substance when he knows it is on his person or in his presence, and he exercises control over it. *See* UJI 14-3130 NMRA. [RP 67] Two or more people can have possession of a substance at the same time. [RP 67] The elements of possession of drug paraphernalia are that Defendant used or possessed drug paraphernalia. [RP 68-69]

Defendant argues that there is insufficient evidence to establish that he exercised control over the drugs. [MIO 3-5] We disagree. Proof of possession may be established by the conduct of a defendant, and by circumstantial evidence. *See State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983). We

hold that the circumstantial evidence is sufficient to support a finding that Defendant knew about and exercised control over the drugs.

Defendant was driving a car that was stopped for an expired license plate. [DS 2; RP 48] He had an expired license, so the car was going to be towed. [RP 18, 48] While conducting an inventory search of the car, an officer found some hypodermic syringes under the driver's seat. [RP 52] Defendant admitted the syringes were his, but claimed they were for a medical condition (hepatitis). [DS 2; RP 18, 48, 50] The methamphetamine was found under the driver's seat.

This evidence supports findings that Defendant knew about and exercised control over the drugs, and supports the verdict. *See State v. Morales*, 2002-NMCA-052, ¶ 32, 132 N.M. 146, 45 P.3d 406 (finding that the evidence was sufficient to support a finding of knowledge and control where the defendant was the driver of a car, was in control of the car, and the contraband was under the driver's side floor mat); *State v. Hernandez*, 1998-NMCA-082, ¶¶ 9-16, 125 N.M. 661, 964 P.2d 825 (holding that the evidence was sufficient to support a finding that the defendant had knowledge that marijuana was hidden in the truck where the defendant was alone in the truck, there was evidence that the truck had been altered, and the defendant had lied).

Defendant contends that the evidence is insufficient because his passenger, Ms.

Lindsay, told one of the officers that the drugs were hers and that she had placed them in the car a week earlier. [DS 3; MIO 4-5] She also said that the syringes were hers. [DS 3] However, she could not state where she placed the drugs or describe the container. [DS 3; RP 57] Defendant argues that we should accept this "alternate and credible verison of events," and that we must not rely on "improper inference, surmise, or a cynical speculation to fill in gaps" in the State's proof. [MIO 4] We are not persuaded by these arguments. Ms. Lindsay's statements go to the weight of the evidence, but the jury was not required to accept Defendant's defense or to accept Ms. Lindsay's assertions. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

The evidence is sufficient to support Defendant's conviction for possession of methamphetamine. We affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

4

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**