This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-35311

**STATE OF NEW MEXICO,**

　　**Plaintiff-Appellee,**

v.

**JOE RAY BARELA,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Joe Ray Barela appeals his conviction, after a jury trial, for possessing methamphetamine, in violation of NMSA 1978, § 30-31-23(E) (2011). He argues that (1)

the evidence is insufficient to support his conviction and (2) admission of certain testimony in violation of the best evidence rule was plain error. We affirm.[1]

## DISCUSSION

### I.   Substantial Evidence Supports Defendant's Conviction

**{2}**   Defendant argues that the State failed to present sufficient evidence that he constructively possessed methamphetamine. We disagree.

**{3}**   When reviewing the sufficiency of the evidence, we "scrutin[ize] . . . the evidence and supervis[e] . . . the jury's fact-finding function to ensure that[] . . . a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). We "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Guerra*, 2012-NMSC-027, ¶ 10, 284 P.3d 1076 (internal quotation marks and citation omitted). We "do[] not weigh the evidence or substitute [our] judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). However, we will neither speculate nor "sanction a view that assumes the worst about human nature" because doing so would disregard "an essential message of the presumption of innocence." *State v. Mariano R.*, 1997-NMCA-018, ¶ 7, 123 N.M. 121, 934 P.2d 315. "The jury must have a sufficient evidentiary basis to conclude that the defendant actually committed the criminal act he is accused of, not just that he may have done it among a range of possibilities or that it cannot be 'ruled out' among other possible explanations, or even that it is more likely than not." *State v. Consaul*, 2014-NMSC-030, ¶ 70, 332 P.3d 850.

**{4}**   We measure the State's evidence against the jury instructions that the district court gave. *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517. The State relied on a constructive possession theory, and the district court instructed the jury on constructive possession as follows:

> A person is in possession of methamphetamine when he knows it is on his person or in his presence, and he exercises control over it.
>
> Even if the substance is not in his physical presence, he is in possession if he knows where it is, and he exercises control over it.
>
> Two or more people can have possession of a substance at the same time.

---

[1]In this memorandum opinion, we limit our recitation of the facts and law to only that necessary to our disposition of the case.

> A person's presence in the vicinity of the substance or his
> knowledge of the existence or the location of the substance[] is not, by
> itself, possession.

"[C]onstructive possession is a legal fiction used to expand possession and include those cases where the inference that there has been possession at one time is exceedingly strong." *State v. Barber*, 2004-NMSC-019, ¶ 22, 135 N.M. 621, 92 P.3d 633 (internal quotation marks and citation omitted).

**{5}** The State's evidence of constructive possession suffices. The State presented evidence that, when Defendant was incarcerated at the Metropolitan Detention Center (MDC), corrections staff searched a cell and found methamphetamine in a toothpaste cap on a shelf. Defendant was not present in the cell when a corrections officer found the methamphetamine. The inmates in the unit where Defendant was housed did not share cells; one inmate was assigned to each cell. Lieutenant Abraham Gallardo, a supervisor at MDC, testified that he had assigned the cell where the officers found the methamphetamine to Defendant.[2] Lieutenant Gallardo also testified that he was the person responsible for assigning inmates to their cells in the part of the jail where Defendant was incarcerated and the only person authorized to move an inmate from one cell to another. One of the corrections officers who searched the cell testified that the MDC had safeguards in place to ensure that no inmate other than the assigned inmate entered each cell, including keeping the doors to the cell locked and having a corrections officer observe all cells. This evidence, considered together, supports a reasonable inference that Defendant knew the methamphetamine was in the cell and had control of it. *Cf. State v. Hernandez*, 1998-NMCA-082, ¶ 9, 125 N.M. 661, 964 P.2d 825 (recognizing that exclusive control of a vehicle supports an inference of knowledge and control of a controlled substance found inside). Substantial evidence supports Defendant's conviction.

## II. Plain Error Did Not Occur

**{6}** Defendant contends that the district court plainly erred by allowing Lieutenant Gallardo to testify that documents called "cell reconciliation reports" confirmed that Defendant was still assigned to the particular cell that he was initially assigned to at the time the officer found the methamphetamine. Specifically, Defendant argues for the first time on appeal that, under the best evidence rule, Rule 11-1002 NMRA, the district court should not have allowed Lieutenant Gallardo to testify about the contents of the reports.

**{7}** "The plain-error rule . . . applies only if the alleged error affected the substantial rights of the accused. To find plain error, the Court must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal

---

2Defendant does not challenge the sufficiency of the evidence to prove that Lieutenant Gallardo assigned him to the cell in the first place.

quotation marks and citations omitted). We "examine the alleged errors in the context of the testimony as a whole." *Id.* (internal quotation marks and citation omitted).

**{8}**     Assuming without deciding that the admission of the testimony at issue was erroneous, we are not persuaded that its admission clears the high bar for plain error. The best evidence rule "is only applicable when a party seeks to prove the contents of a writing[,]" *Gutierrez v. Albertsons, Inc.*, 1991-NMCA-135, ¶ 39, 113 N.M. 256, 824 P.2d 1058, so its application could only have excluded Lieutenant Gallardo's testimony about the contents of the cell reconciliation reports. That testimony was just one of several pieces of evidence that the State used to prove that Defendant constructively possessed the methamphetamine. As discussed, the State introduced testimony that Lieutenant Gallardo assigned Defendant to the cell where the officer found the methamphetamine,[3] that only Lieutenant Gallardo could change cell assignments, and that MDC took precautions to prevent inmates from gaining access to cells not assigned to them. Lieutenant Gallardo's testimony about the contents of the cell reconciliation reports arguably strengthened the State's case, but the admission of that testimony does not give us grave doubt about the validity of the verdict when we view all of the evidence collectively. We therefore reject Defendant's claim of plain error.

**CONCLUSION**

**{9}**     We affirm.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MICHAEL BUSTAMANTE, Judge Pro Tempore**

---

3Defendant does not contend that the admission of testimony that the cell was initially assigned to him. His challenge is limited to the testimony about whether he was still assigned to the cell at the time of the search.