1997–NMCA–018

934 P.2d 315

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**MARIANO R., a child, Defendant–Appellant.**

**No. 17366.**

Court of Appeals of New Mexico.

Feb. 24, 1997.

Tom Udall, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

T. Glenn Ellington, Chief Public Defender, Lisabeth Occhialino, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

*OPINION*

HARTZ, Chief Judge.

(1) Mariano R., the Child, was adjudicated a delinquent offender based on findings that he committed the delinquent acts of possession of alcohol by a minor and conspiracy to shoot from a motor vehicle. He contends that there was insufficient evidence to sustain either finding. The State concedes on appeal the insufficiency of the evidence of possession of alcohol. Because we agree with the concession, *cf. State v. Maes,* 100 N.M. 78, 80–81, 665 P.2d 1169, 1171–72 (Ct. App.1983) (appellate court rejected State's concession that evidence was insufficient), we reverse that finding and limit our attention to the conspiracy charge. We hold that there was insufficient evidence of that charge also and reverse the adjudication of delinquency.

(2) The State's answer brief sets forth the following facts as sufficient to establish the conspiracy offense:

Officer Bobbitt testified that at about 3:00 a.m. on January 1, 1996, he heard a gunshot come from a vehicle that drove past him. Officer Bobbitt radioed the police department for a marked police vehicle to stop the car. He followed the car in his personal vehicle until additional officers came to stop the car. Officer Shaw testified that he was at the police department when Officer Bobbitt advised him that shots were fired from a car. Officer Shaw followed Officer Bobbitt's directions and spotted the vehicle. Officer Shaw flashed his emergency lights and stopped the suspect vehicle. There was testimony that the suspect vehicle travelled up to a mile before it stopped. Six people, four juveniles and two adults, were removed from the vehicle. There were three people in the front seat and three people in the back seat. The child was the middle passenger in the front seat of the car. Elliott Grant, an adult, was in the window seat to the right of the child. After the occupants were removed the police searched the car. A shotgun and a twenty-two caliber rifle were found on the back seat floorboard hidden underneath a jacket. Four shotgun shells were found. One shell that had

already been fired and one live shell were found on the floorboard of the front passenger side of the vehicle. One live shell was found in the shotgun itself. The fourth shotgun shell was found in the pocket of Elliott Grant. An alcoholic beverage was found underneath the driver's seat of the vehicle.

(3) Our statutory definition of conspiracy is "knowingly combining with another for the purpose of committing a felony within or without this state." NMSA 1978, § 30–28–2(A) (Repl.Pamp.1994). The felony of shooting from a motor vehicle is defined as "willfully discharging a firearm at or from a motor vehicle with reckless disregard for the person of another." NMSA 1978, § 30–3–8(B) (Repl.Pamp.1994).

(4) To be guilty of conspiracy the Child must have agreed with one or more other occupants of the car that one of the parties to the agreement would shoot a firearm recklessly from the vehicle. The agreement could be explicit or a "mutually implied understanding." *State v. Armijo*, 90 N.M. 10, 11, 558 P.2d 1149, 1150 (Ct.App.1976). On the other hand, mere passive submission or acquiescence in the conduct of others will not suffice. The conspirator must share the "purpose of committing [the] felony." Section 30–28–2(A); *cf.* Model Penal Code § 5.03 cmt. (2)(c)(I), at 407 (1962) ("[I]t would not be sufficient … if the actor only believed that the result would be produced but did not consciously plan or desire to produce it.").

(5) The question before us is whether the evidence presented at trial was sufficient to establish beyond a reasonable doubt each element of the offense of conspiracy. *See State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992). Although the evidence must be viewed in the light most favorable to the verdict, *see State v. Cotton*, 109 N.M. 769, 771, 790 P.2d 1050, 1052 (Ct.App.1990), the answer is "No." The evidence would suffice to establish that the Child knew that there were firearms in the vehicle and was present when one was fired. Beyond that, however, one must speculate. There is no evidence regarding what happened in the vehicle before the shot was fired. There is no evidence that the Child knew that anyone planned to fire a shot from the vehicle, much less that the Child joined in the planning.

(6) The State points to apparent furtive conduct after the shooting to conceal the offense. But even though efforts at concealment may be strongly probative in some contexts, *see. e.g., State v. Padilla*, 118 N.M. 189, 192–93, 879 P.2d 1208, 1211–12 (Ct.App. 1994), here the evidence does not even show that the Child himself engaged in any effort at concealment.

(7) The State also notes that the evidence should be viewed "in light of common knowledge or common experience." *Dull v. Tellez*, 83 N.M. 126, 128, 489 P.2d 406, 408 (Ct.App.1971). We agree. But common knowledge and experience must not be confused with cynical speculation. In reviewing a determination of guilt, we cannot sanction a view that assumes the worst about human nature. That is an essential message of the presumption of innocence. Evidence is required, more evidence than was presented here.

(8) We therefore reverse the adjudication of the Child as a delinquent offender.

(9) **IT IS SO ORDERED.**

PICKARD and WECHSLER, JJ., concur.