# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 28,793**

**ROBERT SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from his conviction for criminal sexual contact of a minor. In this Court's notice of proposed summary disposition, we proposed to affirm.

Defendant has responded with a memorandum in opposition, pursuant to an extension of time granted by this Court. We have reviewed Defendant's arguments, which are set forth in accordance with *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). Because we are not persuaded by them, we now affirm.

**Sufficiency of the Evidence**

Defendant asserts that there was insufficient evidence to support his conviction for criminal sexual contact of a minor under thirteen. [DS 5] In particular, Defendant claims that there was insufficient evidence that when he touched the child he had any intent to arouse or gratify sexual desire. [DS 3, 5; RP 119]

In this case, the evidence indicating that Defendant touched his six-year-old stepson with the intent to arouse or gratify sexual desire was circumstantial. [DS 2-5] But intent is often proved by circumstantial evidence. *See State v. Caldwell*, 2008-NMCA-049, ¶ 34, 143 N.M. 792, 182 P.3d 775 ("Like knowledge, a defendant's intent is rarely subject to direct proof and may be proved by circumstantial evidence."), *cert. denied*, 2008-NMCERT-003, 143 N.M. 681, 180 P.3d 1180. And "[t]he test for sufficiency of the evidence is whether substantial evidence of *either a direct or circumstantial nature* exists to support a verdict of guilt beyond a reasonable doubt." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (emphasis

added) (internal quotation marks and citation omitted). This Court "must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Viewing the facts in this light, we believe a reasonable jury could have found beyond a reasonable doubt that when Defendant touched the child, he did so with the intent to arouse or gratify sexual desire.

At trial, Defendant's stepson testified that he was taking a bath when Defendant came into the bathroom, asked him to stand up, and then touched his penis and backside. [DS 2; MIO 1] The child later told his mother, who confronted Defendant. [DS 2; MIO 1] Defendant apparently said that he believed that the child had a propensity for inappropriate sexual behavior and that he was trying to prevent possible future problems by determining whether the child had an erection. [DS 2; MIO 1] At trial, Defendant's wife testified that Defendant would have had to feel the child's penis in order to determine if he had an erection, since the child generally bathed in his underwear. [DS 2-3; MIO 1-2] However, the evidence that the child was wearing underwear while bathing was apparently controverted by other testimony. [DS 2]

Viewing this evidence in the light most favorable to the verdict, we hold that there was sufficient evidence from which a reasonable jury could conclude beyond a

reasonable doubt that Defendant's intent was sexual. Although there was evidence that Defendant touched the child for what he may have believed to be legitimate parenting reasons, the jury was not required to credit this testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject the [d]efendant's version of the facts."). The jury was free to find Defendant's explanation to his wife implausible, and the fact that the child testified that Defendant also touched his backside provides a sufficient basis for the conclusion that Defendant was not just attempting to determine whether the child had an erection. We do not believe that our review of the sufficiency of the evidence in this case employs the kind of improper speculation disapproved of in *State v. Mariano R.*, 1997-NMCA-018, ¶ 7, 123 N.M. 121, 934 P.2d 315. Accordingly, we hold that there was substantial evidence to support an inference that Defendant's conduct in touching the child was unlawful.

**Ineffective Assistance of Counsel**

Defendant argues that his counsel was ineffective for failing to produce the preliminary hearing transcript in order to prove that the child had not previously alleged that Defendant touched his backside, for failing to use words such as "alleged" and "accused" during his opening statement, for failing to introduce witnesses to rebut

4

certain evidence and to show that the child had been inappropriately coached to testify, and for failing to act in Defendant's best interest during sentencing. [DS 4-5]

In order to establish a prima facie claim for ineffective assistance of counsel, a defendant must prove that his counsel has been ineffective and that he has been prejudiced by his counsel's errors. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "If any claimed error can be justified as a trial tactic or strategy, then the error will not be unreasonable." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. In order to prove prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). When "the record on appeal does not provide enough information to adequately determine whether an action was error or caused prejudice[,] further evidence is often required." *Id.* ¶ 33. "Rather than remand the case to the trial court for further hearings, this Court has a general preference that such claims be brought and resolved through habeas corpus proceedings." *Id.*

Here, on the appellate record before us, we find that Defendant has not established either unreasonable errors by his counsel or that he was prejudiced by any claimed error. Accordingly, we hold that Defendant has not established a prima facie case of ineffective assistance of counsel.

Therefore, for the reasons stated in this opinion and in this Court's notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**