This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                            NO.   32,157

**KATHLEEN WALSH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Jason M. Rael, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Kathleen Walsh (Defendant) appeals her conviction for conspiracy to traffic methamphetamine—possession with intent to distribute—claiming there was insufficient evidence to convict her of the conspiracy charge. [RP 102; DS 4] Defendant was also convicted of possession of methamphetamine, but she does not challenge the sufficiency of the evidence to convict her of that crime. [DS 2-4] This Court issued a notice of proposed summary disposition proposing to reverse the conspiracy conviction, and the State has filed a timely memorandum in opposition to our proposed disposition. Having considered the arguments raised by the State in its memorandum and remaining unpersuaded, we reverse Defendant's conviction for conspiracy to traffic methamphetamine.

A sufficiency of the evidence review involves a two-step process. Initially, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). We then make a legal determination of whether the evidence viewed in this manner could justify a finding by a rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt. *Id.* at 766, 877 P.2d at 760. We do not weigh the evidence or substitute our judgment for that of the fact finder. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by*

*Kersey v. Hatch,* 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. Finally, we observe that "[j]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

In order to convict Defendant of conspiracy to traffic methamphetamine, the State had to prove, beyond a reasonable doubt, that Defendant and another person "by words or acts agreed together to [c]ommit [t]rafficking [b]y [p]ossession with [i]ntent to [d]istribute [m]ethamphetamine [and D]efendant and the other person intended to [c]ommit [t]rafficking [b]y [p]ossession with [i]ntent to [d]istribute [m]ethamphetamine[.]" [RP 80] *See* UJI 14-2810 NMRA; *see also* NMSA 1978, § 30-28-2(A) (1979) (defining the crime of conspiracy as "knowingly combining with another for the purpose of committing a felony"). In our notice, we proposed to reverse and to hold that there was insufficient evidence to establish an agreement between Defendant and another person to traffic methamphetamine. [DS 4] *See State v. Stefani*, 2006-NMCA-073, ¶ 34, 139 N.M. 719, 137 P.3d 659 (stating that, in order to establish conspiracy, "[t]here must be an agreement between the parties to commit the felony, either through explicit or a mutually implied understanding").

The State does not dispute the evidence reviewed in our notice in support of the conspiracy conviction. [MIO 3-6] There was evidence that a confidential informant

had purchased methamphetamine from "Erik" and that he did so again in a controlled buy set up by police officers. [MIO 3; DS 2-3] There was also evidence that Defendant and Erik lived in the house where the controlled buy occurred and that Defendant shared a bedroom with Erik. [MIO 4; DS 3]

When the officers executed a search warrant at the residence, Defendant was found there along with three other persons, including Erik. [MIO 3; DS 3] There was evidence that a small amount of methamphetamine and drug paraphernalia were found in the room shared by Defendant and Erik on a night table that also contained Defendant's driver's license and identification. [MIO 4; DS 3] A larger amount of methamphetamine was found hidden under a footstool in the living room where Defendant was found. [MIO 4; DS 3] Erik fled when the officers arrived, and he was found outside of the house on the roof, and a small amount of methamphetamine was found outside of the bedroom window that Erik used to escape onto the roof. [MIO 4; DS 3]

The State does not dispute the observation in our notice that there was no testimony from the police officers or the informant tying Defendant to the controlled buy or any other purchase and sale of methamphetamine, including no testimony that Defendant was even present during the drug sales. [MIO 3-6; DS 3] There was also no testimony from the officers of any conversations between Defendant and Erik

4

concerning the possession or distribution of methamphetamine, and Defendant's fingerprints were not on the paraphernalia found in the house. [MIO 3-6; DS 3]

In its memorandum in opposition, the State urges us to reconsider our proposed disposition to reverse because it claims there was evidence in addition to that set forth in the docketing statement. [MIO 3-6] The State cites to multiple controlled buys in the house shared by Defendant and Erik. [MIO 4] It also notes that there was a pink digital scale in the drawer in the bedroom where Defendant's driver's license and other items commonly belonging to a woman were found. [MIO 4] The State further provides that the small baggie of methamphetamine found inside of the bedroom had similar markings to the small baggie of methamphetamine found outside the window. [MIO 4-5]

We are not convinced that this evidence, combined with that reviewed in our previous notice, is sufficient to convict Defendant of conspiracy to traffic methamphetamine—possession with intent to distribute. As previously stated, there were no fingerprints tying Defendant to the scale found in the bedroom, and it is undisputed that she shared that bedroom with Erik. [DS 3] Furthermore, to the extent a small amount of methamphetamine can be tied to Defendant, this only supports her conviction for possession of methamphetamine, which she does not challenge. [DS 2-4] However, there is nothing to tie her to the larger quantity of methamphetamine

found in the living room given that other people were present, and she shared the house with Erik who was known to traffic in methamphetamine. [MIO 4-6] *See State v. Mariano R.*, 1997-NMCA-018, ¶ 4, 123 N.M. 121, 934 P.2d 315 (stating that "mere passive submission or acquiescence in the conduct of others" is insufficient to establish a conspiracy).

Finally, although the State is correct that the requisite agreement can be established by circumstantial evidence, [MIO 7] s*ee State v. Trujillo*, 2002-NMSC-005, ¶ 62, 131 N.M. 709, 42 P.3d 814, our review of the evidence fails to indicate that sufficient circumstantial evidence was introduced in this case.

In light of the lack of evidence suggesting any agreement between Defendant and Erik, or any other person, we disagree with the State's contention that the evidence reflects that Defendant and Erik agreed to commit trafficking by possession with intent to distribute methamphetamine. [MIO 7] *Cf. Stefani*, 2006-NMCA-073, ¶ 35 (holding that evidence showing that the defendant and another were found in the trailer where the methamphetamine lab was discovered was insufficient to "establish the mental state required for conspiracy").

Therefore, for the reasons set forth in our notice of proposed summary disposition and those discussed in this opinion, we reverse Defendant's conviction for conspiracy to traffic methamphetamine because there was insufficient evidence to

establish an agreement between Defendant and another person to traffic methamphetamine.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

7