This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38125**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**JOHN DENERIO PADILLA,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals from his conviction for conspiracy to commit aggravated assault. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant continues to contend that the evidence is insufficient to support his conviction. [MIO 2] Defendant has not asserted any facts, law, or argument that persuade us our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d

683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

{3} To the extent that Defendant now relies on *State v. Mariano R.*, 1997-NMCA-018, ¶ 2, 123 N.M. 121, 934 P.2d 315, to support his argument that the evidence is insufficient to support a conspiracy, we are unpersuaded. In that case, the child was a passenger in a car that had been stopped for conspiracy to commit shooting at or from a motor vehicle. *Id.* Though the evidence showed that the child knew firearms were present in the car, we concluded that was not sufficient to sustain his conspiracy conviction because "mere passive submission or acquiescence in the conduct of others [does] not suffice." *Id.* ¶¶ 4-5. Defendant contends that there was no evidence, even circumstantial evidence, from which the jury could infer that an agreement was reached because it was only Defendant's wife who threatened the women with a handgun. [MIO 4] Therefore, Defendant asserts the evidence presented does not provide evidence of mutual design and it is pure speculation that there was a plan between Defendant and his wife. [Id.] We disagree. The evidence in the present case demonstrates that Defendant was the driver of the vehicle from which his wife shot at Victims. [MIO 1] This, together with the other circumstantial evidence relied upon in our notice of proposed disposition, which Defendant does not dispute, suggests more than "mere passive submission" in the conspiracy to commit aggravated assault. *See State v. Johnson*, 2004-NMSC-029, ¶ 49, 136 N.M. 348, 98 P.3d 998 ("Such an agreement need not be proven by direct evidence; the agreement may be in the form of a mutually implied understanding and may be inferred from circumstantial evidence.").Thus, Defendant's reliance on *Mariano R.* is inapt.

{4} Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's judgment and sentence.

{5} **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**