This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38111**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CESAR GRAJEDA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Cesar Grajeda was convicted, after a jury trial, of receiving or transferring a stolen vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009); and possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2001, amended 2019). Defendant appeals, contending that the evidence is insufficient to support the mens rea element of each offense. First, Defendant argues that the State failed to prove that he knew or had reason to know the vehicle was stolen. Second,

Defendant argues that the State failed to prove that he intended to use the drug paraphernalia to ingest an illegal substance. We reject Defendant's first argument but accept his second and therefore affirm his conviction for receiving a stolen vehicle but reverse his conviction for possession of drug paraphernalia.

**DISCUSSION**[1]

**{2}**     When reviewing the sufficiency of trial evidence, this Court must determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. We "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id*. We do not "weigh the evidence and may not substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *Id*. "We will affirm a conviction if supported by a fair inference from the evidence regardless of whether a contrary inference might support a contrary result." *State v. Barrera*, 2002-NMCA-098, ¶ 10, 132 N.M. 707, 54 P.3d 548.

**{3}**     However, we will not sanction "a determination of guilt" that could only have resulted from "cynical speculation." *State v. Mariano R.*, 1997-NMCA-018, ¶ 7, 123 N.M. 121, 934 P.2d 315. It is our duty to ensure that the jury could have reached its verdict by way of "a rational and logical deduction from facts admitted or established by the evidence" as opposed to "mere guess," "surmise," or "conjecture." *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (internal quotation marks, and citations omitted).

**{4}**     We apply this standard of review to each of Defendant's sufficiency challenges in turn. We begin each analysis with the pertinent jury instruction, which sets forth the law of the case against which we measure the sufficiency of the evidence. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409.

**I.     The Evidence Suffices to Support Defendant's Conviction for Receiving a Stolen Vehicle**

**{5}**     With regard to the charge of receiving a stolen vehicle, the jury was instructed in pertinent part, consistent with UJI 14-1652 NMRA, that the State had the burden of proving that Defendant was in possession of a GMC Yukon that "he knew or had reason to know . . . had been stolen or unlawfully taken[.]" At trial, Officer Mario Vallejos testified that he attempted to stop a GMC Yukon that was displaying an invalid temporary license tag when the driver pulled into a parking lot. Defendant was the driver, and several officers, including Officer Vallejos, converged on him in the parking lot. Defendant testified that when the police converged, he threw the keys to the Yukon to a woman who can be seen in Officer Vallejos's lapel-camera video, which was admitted into evidence. The police investigation revealed that, at the time of his arrest,

---

1Because the parties are familiar with the factual background, this memorandum opinion does not include a background section.

Defendant had in his possession a title to a GMC Yukon with the vehicle identification number etched out. Defendant testified that he was test-driving the Yukon for purchase from a person named Ben, who had also loaned him the title, but the title found in Defendant's pocket and admitted into evidence listed Luis Fernando Contreras-Guerrero as the registered owner. The State also introduced evidence that the door lock on the driver's side of the Yukon was "punched out" and that the ignition was damaged such that it could be started with any key or even a screwdriver. And the Yukon's owner testified that when police asked her to identify the car, she noticed that there was "something wrong with the ignition."

{6}     Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the verdict, *Sutphin*, 1988-NMSC-031, ¶ 21, we conclude that it gave the jury a reasonable basis for its determination that Defendant knew or had reason to know he was in possession of a stolen vehicle. The evidence that Defendant disposed of the keys to the Yukon supports the inference that he knew there was a reason he should not have been in possession of the car, and the altered title, damaged door lock, and damaged ignition gave Defendant reason to know that the Yukon was stolen. To the extent that Defendant's argument on appeal relies upon his own testimony that he was unaware of the various signs that the Yukon had been stolen, we point out that it was for the jury to resolve conflicts in the testimony and determine where the weight and credibility lay. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Accordingly, we hold that the evidence was sufficient to support the jury's verdict that Defendant committed the offense of receiving a stolen vehicle.

## II.     The Evidence Does Not Suffice to Support Defendant's Conviction for Possession of Drug Paraphernalia

{7}     With regard to the charge of possession of drug paraphernalia, the jury was instructed that the State had the burden of proving that Defendant was in possession of a glass pipe and that he "intended that the glass pipe be used to introduce into the human body some drug or other substance the possession of which is regulated or prohibited by law[.]" Defendant contends, and we agree, that the State failed to offer sufficient evidence of such intent.

{8}     Although we consider both direct and circumstantial evidence, and intent is often established by circumstantial evidence, *State v. Duran*, 2006-NMSC-035, ¶ 7, 140 N.M. 94, 140 P.3d 515, neither the direct nor the circumstantial evidence in this case supports a reasonable inference that Defendant intended to use the pipe to ingest an illegal substance. We begin with the premise that "the purpose for which a defendant possessed [a] prohibited item is distinct and separate from [the defendant's] intent to use the item to commit a crime." *State v. Montoya*, 2021-NMCA-006, ¶ 21, 482 P.3d 1285, *cert denied*, 2021-NMCERT-___ (No. S-1-SC-38638, Feb. 4, 2021). It follows that even where an object is expressly designed for illicit purposes, a person's possession of

that object does not establish that the person intends to use it for an illicit purpose. *See id.* ¶¶ 18-25 (holding that evidence that the defendant was in possession of tools commonly used in burglaries, without more, was insufficient to establish the intent element of the crime of possession of burglary tools). Here, the State established that Defendant was in possession of the pipe by presenting Officer Vallejos's testimony that he found a blue Pyrex pipe with a white powdery residue in Defendant's pocket, and by introducing the pipe itself into evidence. But even if we assume that the pipe was expressly designed for an illicit purpose, Defendant's mere possession of it does not suffice to prove his intent. And the State did not present any additional evidence from which a jury could have rationally inferred the requisite intent, such as evidence that the residue in the pipe was an illegal substance or that Defendant used drugs. *Cf. State v. Lopez*, 2009-NMCA-127, ¶¶ 33-34, 147 N.M. 364, 223 P.3d 361 (holding that there was sufficient evidence of the defendant's intent to use a pipe to ingest an illegal substance where forensic testing had established that a substance in the pipe was methamphetamine and a blood test had established the presence of a significant amount of methamphetamine in the defendant's body). On appeal, the State emphasizes Officer Vallejos's testimony drawing a broad correlation between auto theft and drug use. But that generalization does not support a rational inference that *Defendant* intended to use the pipe found in his possession to ingest an illegal substance. The State also asserts that Defendant's conduct when confronted by police—going prone after receiving commands from several armed officers—somehow evinced a consciousness of guilt. But we do not see how a jury could rationally infer consciousness of guilt from Defendant's attempt to comply with police commands. If anything, Defendant's conduct evinced consciousness that noncompliance could put him at risk of physical harm. And even if we assume that Defendant's compliance indicated consciousness of wrongdoing of some kind, the jury would have had to rely on conjecture to conclude that that wrongdoing had to do with the pipe, as opposed to the stolen vehicle. *Cf. Montoya*, 2021-NMCA-006, ¶¶ 9, 28 (reasoning that evidence of the defendant's flight could not support an inference that he had committed a burglary, especially when the jury found that he was in possession of drug paraphernalia at the time of his arrest). Because Defendant's conviction for possession of drug paraphernalia is not supported by sufficient evidence, we reverse that conviction.

**CONCLUSION**

**{9}** We affirm Defendant's conviction for receiving a stolen vehicle but reverse his conviction of possession of drug paraphernalia and remand to the district court for dismissal of the drug paraphernalia charge and amendment of the judgment and sentence consistent with this opinion. *See State v. Cotton*, 2011-NMCA-096, ¶ 25, 150 N.M. 583, 263 P.3d 925.

**{10}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**